UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN NICHOLAS JENNINGS,

    Petitioner,

v.

JACK WARNER,

    Respondent.

CASE NO. 3:22-cv-05314-TL-JRC

ORDER TO FILE AMENDED PETITION

This matter is before the Court on referral from the District Court and on petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus.

Having reviewed the petition, the Court declines to order respondent to file an answer as the petition does not comply with the Rules Governing Section 2254 Cases. The Court, however, provides petitioner leave to file an amended petition by July 8, 2022, to cure the deficiencies identified herein.

The Rules Governing Section 2254 and 2255 Cases[1] require that a petition—

(1) specify all the grounds for relief available to the petitioner;
(2) state the facts supporting each ground;
(3) state the relief requested;
(4) be printed, typewritten, or legibly handwritten; and
(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c).

In addition, the petition must substantially follow this District's form petition. *See* Rule 2(d).

The petition here suffers from several defects preventing the Court from directing service and an answer at this time. First, petitioner has not clearly delineated individual grounds for relief. The District's form clearly requires petitioner to separately list each particular ground and the underlying facts and legal argument. However, it appears that petitioner is attempting to bring multiple grounds for relief within the same "ground" in the petition. For instance, under "Ground One," petitioner appears to challenge both the trial court's limitations on a toxicologist's testimony and the prosecutor's arguments during closing. *See* Dkt. 1, at 7–9. These are distinct issues that should be listed under separate grounds for relief. Petitioner should review his grounds for relief and separate out each individual ground for relief, including providing the information about whether he has exhausted *each* separate ground that is required by the District's form.

Second, petitioner does not clearly specify the facts underlying ground four for relief. Rather, he generally asserts that the state supreme court "cherry picked" the record and states that he has highlighted "some of" the issues in the supreme court opinion. Dkt. 1, at 16; *see also* Dkt. 1, at 17 (providing "examples"). This is inadequate; the petition should not leave this Court to

---

[1] *Available at* https://www.uscourts.gov/sites/default/files/rules-governing-section-2254-and-section-2255-proceedings.pdf.

speculate regarding the grounds for relief.  Petitioner must explain the particular supporting facts specifically enough to understand each of his claims.  He should not rely on attaching appendices to explain his claims but should clearly articulate the factual basis for each of his grounds within his petition.

Third, petitioner does not include the information required by the form petition for certain of his grounds.  Specifically, petitioner must include information about whether he raised *each* ground for relief in his direct appeal and in any post-conviction motion or petition for habeas corpus in a state trial court.  Petitioner must explicitly include this information for each of his grounds for relief but has omitted it for certain grounds.  *See* Dkt. 1, at 21–27 (grounds five and six); 31–34 (grounds eight through eleven).

Petitioner is advised that he may pursue federal habeas relief only *after* he has exhausted his state judicial remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th Cir. 1985).  This means that petitioner should file a direct appeal or personal restraint petition in state court prior to seeking relief in federal court.  Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum.  *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).  In addition, 28 U.S.C. § 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  However, this period is tolled during the time a state court

considers a properly filed application for post-conviction relief, such as a personal restraint petition. 28 U.S.C. § 2244(d)(2); *Pace v. DiGulielmo*, 544 U.S. 408, 410 (2005).

If petitioner intends to pursue this habeas action, he must file an amended petition complying with Rule 2 of the Rules Governing Section 2254 Cases on the form provided by the Court. The amended petition must provide all the information required therein and should not rely on other documents to state the grounds for relief. The amended petition must also be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original petition by reference. The amended petition will act as a complete substitute for the original petition, and not as a supplement. If petitioner fails to adequately address the issues raised herein and file an amended petition on or before **July 8, 2022**, the undersigned will recommend dismissal of this action.

The Clerk is directed to provide petitioner with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The Clerk is further directed to provide a copy of this order to petitioner and to update the docket to reflect that petitioner's amended petition must be filed on or before July 8, 2022.

Dated this 8th day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge