UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUSTIN NICHOLAS JENNINGS,

           Petitioner,

v.

JACK WARNER,

           Respondent.

CASE NO. 3:22-cv-05314-TL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 10, 2023

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Petitioner Justin Nicholas Jennings has filed a motion to voluntarily dismiss his habeas petition in order to exhaust additional grounds in the state courts before including them in his federal habeas petition. Dkt. 32. Respondent opposes petitioner's request, arguing that petitioner has not provided a meritorious basis for the Court to grant it. Dkt. 33. Because petitioner is still

REPORT AND RECOMMENDATION - 1

within the one-year limitations period for filing a collateral attack in the state courts and a federal habeas petition is not currently time-barred under AEDPA's statute of limitations, the Court recommends that petitioner's motion to withdraw be granted and that his federal habeas petition be dismissed without prejudice.

**BACKGROUND**

Petitioner initially filed this habeas petition in May of 2022. Dkt. 1. On June 8, 2022, the Court directed petitioner to file an amended habeas petition. Dkt. 6. Petitioner filed an amended habeas petition on July 2, 2022 (Dkt. 9) that included only one ground for relief, and the Court directed service of the amended petition on July 18, 2022 (Dkt. 10). Respondent filed an answer to the petition on November 3, 2022, (Dkt. 20), as well as the state court record (Dkts. 21, 22). Respondent filed a "corrected" answer to the petition on December 7, 2022. Dkt. 27. Petitioner filed a reply on December 13, 2022. Dkt. 28.

Following the reply, petitioner filed a motion to stay the habeas petition on January 4, 2023, informing the Court that he was intending to file a personal restraint petition ("PRP") in the state courts. Dkt. 29. Respondent did not object to petitioner's motion to stay. Dkt. 30. Thus, on January 12, 2023, the Court issued an Order granting the motion to stay and directed petitioner to file status reports every 90 days informing the Court of the status of his state court proceedings. Dkt. 31.

Petitioner has now filed the instant motion to withdraw his habeas petition. Dkt. 32. In the motion, petitioner contends that he filed his federal habeas petition too soon and now would like to withdraw it in order to return to the state courts to fully exhaust several grounds in addition to the single ground for relief in the instant petition. *Id*. He asserts that he is still within the one-year time limit for filing a PRP in the state courts. *Id*. Respondent opposes the motion,

arguing in part that, because the Court granted a stay of petitioner's federal habeas petition containing only one claim for relief, his instant request for withdrawal of that petition in order to file a PRP containing additional claims that would presumably be raised in another federal habeas petition at some point in the future is mooted. Dkt. 33. Respondent also raises concerns that, if petitioner is permitted to withdraw the instant petition, he may face hurdles in the form the successive petition bar, *see* 28 U.S.C. § 2244(b), and the AEDPA statute of limitations, *see* 28 U.S.C. § 2244(d). *Id*. at 4.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by a petitioner if the petitioner files a notice of dismissal before the respondent files an answer and the petitioner has not previously dismissed an action "based on or including the same claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the respondent has responded to the petition, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(1), (2). In the Ninth Circuit, a district court should grant a motion for voluntary dismissal unless the respondent can show that he will suffer some plain legal prejudice as a result. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017); *Smith v. Lenches*, 263 F.3d 972, 975–76 (9th Cir. 2001).

Petitioner filed his motion to voluntarily dismiss after respondent filed his answer to the amended habeas petition, provided a state court record, and filed a corrected answer. *See* Dkts. 20–22; 27. Thus, petitioner may only voluntarily dismiss his petition by stipulation or court order.

1       Here, respondent opposes petitioner's motion to voluntarily dismiss his habeas petition.
2 Dkt. 33. Respondent does not argue that he will suffer the legal prejudice necessary to deny the
3 motion to dismiss; rather, he takes issue with the timing of petitioner's request to withdraw. *Id*. at
4 2–4. Respondent suggests that, since the habeas petition containing a single claim already has
5 been fully briefed on the merits, petitioner may now be motivated by the "rather clear
6 handwriting on the wall" that his claim will be denied and, therefore, wants to withdraw the
7 petition, seek further collateral relief in state court, and then return to federal court with more
8 exhausted claims. *Id*. at 3. Respondent also suggests that petitioner runs the risk of not having his
9 one fully briefed claim considered on the merits by the Court if he were to withdraw it now and
10 return later with a time-barred petition. *Id*. at 4. However, in his motion petitioner does indicate
11 his awareness of the various time limitations for filing a federal habeas petition. Dkt. 32 at 2.
12 And indeed, petitioner must note that, although he would be entitled to statutory tolling under
13 § 2244(d)(2) for the pendency of collateral review in the state courts, collateral review does not
14 include petitions for federal habeas relief. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001)
15 (federal habeas petition does not toll the AEDPA limitations period). Even so, the Court finds
16 that respondent has not shown he will suffer prejudice if the instant petition is withdrawn.
17 Because petitioner appears to intend to exhaust several additional habeas grounds before
18 including them in a future habeas petition, and with the warning regarding the timeliness of filing
19 a federal habeas petition, the Court finds that petitioner should be allowed to withdraw his
20 habeas petition and resubmit it at a later date. Thus, the Court recommends that petitioner's
21 motion for voluntary dismissal (Dkt. 32) be granted.
22
23
24

## CONCLUSION

For the reasons stated above, the Court recommends that petitioner's motion for voluntary dismissal (Dkt. 32) be granted and petitioner's habeas petition be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on March 10, 2023, as noted in the caption.

Dated this 22nd day of February, 2023.

J. Richard Creatura
United States Magistrate Judge